IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRICKLAYERS LOCAL UNION NO. 1 PENSION TRUST, c/o GEM GROUP 650 Naamans Road, Suite 303 Claymont, DE 19703 | : : : : : | CIVIL ACTION |
| Plaintiff | : : | C.A. No. |
| v. | : : | |
| EDWARD J. WILKINSON CO., INC. 90 Blue Hen Drive Newark, DE 19713 | : : : : | |
| Defendant | : | |

## COMPLAINT

Plaintiff, by undersigned counsel, complains about Defendant as follows:

## JURISDICTION

1.  This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§185(a), 1132, 1145.

2.  A copy of this Complaint has been served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail.

## VENUE

3.  Venue lies in the District of Delaware under 29 U.S.C. §§185(a) or 1132(e)(2).

## PARTIES

4.  Plaintiffs, Bricklayers Local Union No. 1 Pension Trust ("Pension Fund" or "Fund"), is a trust fund established under 29 U.S.C. §186(c)(5) and "multiemployer plan" and "employee benefit plan" within the meaning of 29 U.S.C. §1002(37), (1), (2) and (3).

5.  Defendant, Edward J. Wilkinson Co., Inc. ("Company") is a Delaware

corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption.

## COMMON FACTS

6.    At all times relevant to this action, the Company was party to, or otherwise bound by, a collective bargaining agreement(s) (singly or jointly, "Labor Contract") with Bricklayers Local Union No. 1 of Delaware ("Union").

7.    The Company also signed or agreed to abide by the terms of the Agreement and Declaration of Trust of the Pension Fund, as from time to time amended, made between certain employers and employee representatives in an industry(ies) affecting commerce to promote stable and peaceful labor relations.

8.    Under the Labor Contract or Trust Agreement, the Company agreed:

(a)    To make full and timely payments on a monthly basis to the Pension Fund and Union as required by the Labor Contracts;

(b)    To file monthly remittance reports with the Pension Fund detailing all employees or work for which contributions were required under the Labor Contract;

(c)    To produce, upon request by the Pension Fund, all books and records deemed necessary to conduct an audit of its records concerning its obligations to the Pension Fund and Union; and

(d)    To pay liquidated damages and all costs of litigation, including attorneys' fees, expended by the Pension Fund and Union to collect any amounts due as a consequence of the Company's failure to comply with its contractual obligations described in Subparagraphs (a), (b) and (c).

## COUNT I - CONTRIBUTIONS UNDER CONTACT - SUM CERTAIN

### PENSION FUND

### v.

### COMPANY

9. The allegations of Paragraphs 1 through 8 are incorporated by reference as if fully restated.

10. Based upon information presently available to the Pension Fund and Union, the Company owes the Pension Fund at least the sum of $217,426.10 due under the Labor Contract or Trust Agreement for the period January 2006 through the present.

11. The Company has not paid the Pension Fund as required by the Labor Contract or Trust Agreement.

**WHEREFORE,** the Plaintiff asks that the Court:

(1) Enter judgment against the Company in favor of the Pension Fund for at least $217,426.10 plus all additional amounts found to be due and owing during the pendency of this litigation together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract or Trust Agreement.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - CONTRIBUTIONS UNDER ERISA - SUM CERTAIN

### PENSION FUND

### v.

### COMPANY

12. The allegations of Paragraphs 1 through 11 are incorporated by reference as if fully restated.

13. Based upon information presently available to the Pension Fund and Union, the Company has failed to pay contributions to the Pension Fund in at least the amount of $217,426.10 for the period January 2006 through the present in violation of 29 U.S.C. §1145.

14. The Pension Fund have been damaged by the Company's violation of 29 U.S.C. §1145.

**WHEREFORE,** Plaintiff asks that the Court:

(1) Enter judgment against the Company in favor of the Pension Fund for at least $217,426.10 plus any additional amounts which are found to be due and owing during the pendency of this litigation, together with interest at the rate prescribed by 26 U.S.C. §6621, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the Pension Fund or statute and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT III - AUDIT

### PENSION FUND

### v.

### COMPANY

15. The allegations of Paragraphs 1 through 14 are incorporated by reference as if fully restated.

16. The Company is obligated to permit the Pension Fund to audit its records and to cooperate in determining the contributions due the Pension Fund.

17. The amount of contributions and work dues the Company is required to pay to the Pension Fund is based upon hours worked and wages paid to employees performing work covered by the Labor Contract.

18. The Pension Fund is without sufficient information or knowledge to plead the precise nature, extent and amount of the Company's delinquency since the books, records and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of the Company.

19. Computation of the precise amount of an employer's delinquency is normally achieved by an audit of the employer's books and records and/or calculated from contractually-required remittance reports submitted by the employer.

20. No audit of the Company's books and records has been performed.

21. The Company is required by the Labor Contract, Trust Agreement or applicable law to permit the Pension Fund to audit the Company's records and to cooperate in determining the contributions due the Pension Fund.

22. The Pension Fund has no adequate remedy at law for the calculation of any

damages suffered as a result of the breach itself requires an audit.

23. All conditions precedent to equitable relief have been satisfied.

**WHEREFORE,** Plaintiff asks that the Court:

(1) Enjoin the Company, its officers, agents, servants, employees, attorneys and all others in active concert or participation with them to permit an audit of all records under the actual or constructive control of the Company and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT IV - CONTRIBUTIONS UNDER CONTRACT AFTER AUDIT

### PENSION FUND

### v.

### COMPANY

24. The allegations of Paragraphs 1 through 23 are incorporated by reference as if fully restated.

25. On information and belief, the Company has failed to make contributions to the Pension Fund as required by the Labor Contract or Trust Agreement in a period not barred by any applicable statute of limitations or similar bar.

26. On information and belief, the Pension Fund and Union have been damaged by the Company's failure to make contributions as required by the Labor Contract or Trust Agreement.

**WHEREFORE,** Plaintiff asks that the Court:

(1) After an audit, enter judgment against the Company in favor of the Pension Fund

for the amount of contributions found due and owing by an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection and enforcement of any judgment, as provided in the Labor Contract or Trust Agreement.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT V - CONTRIBUTIONS UNDER ERISA AFTER AUDIT

### PENSION FUND

### v.

### COMPANY

27. The allegations of Paragraph 1 through 26 are incorporated by reference as if fully restated.

28. On information and belief, the Company has failed to make contributions to the Pension Fund in violation of 29 U.S.C. §1145 in a period not barred by an applicable statute of limitations or similar bar.

29. The Pension Fund is without sufficient information or knowledge to plead the precise nature, extent and amount of the Company's delinquency since the books, records and information necessary to determine this liability are in the Company's possession, custody, control or knowledge.

30. On information and belief, the Pension Fund has been damaged by the Company's violation of 29 U.S.C. §1145.

**WHEREFORE,** Plaintiff asks that the Court:

(1) After an audit, enter judgment against the Company in favor of the Pension Fund

for the contributions found due and owing by the audit, together with interest at the rate prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document or statute and reasonable attorneys' fees and costs incurred in this action and in connection with any proceeding to enforce or collect any judgment.

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT VI – INJUNCTION

### PENSION FUND

### v.

### COMPANY

31.     The allegations of Paragraphs 1 through 30 are incorporated by reference as if fully restated.

32.     A money judgment or other remedy available at law is inadequate because the Company has shown its disregard of its contractual and legal obligations by a consistent pattern of delinquencies or late payment of contributions.

33.     Unless ordered to do otherwise by this Court, Company will continue to refuse to submit remittance reports and/or pay the contributions presently due and owing or which become due and owing in the future, and the Pension Fund and its participants will suffer immediate, continuing and irreparable damage by, among other matters, the loss of investment earnings, the inability to properly determine eligibility and calculate benefits, and a substantial increase in the administrative costs of the Pension Fund with a diminution of the assets otherwise available to pay benefits to Company's employees and employees of other employers who fully and timely

pay their contributory obligations.

  34. All other conditions precedent to equitable relief have been satisfied.

  WHEREFORE, Plaintiff asks that the Court:

  (1) Permanently restrain and enjoin the Company, its officers, agents, servants, employees, attorneys and all others in active concert or participation with them from continuing to violate the terms of the current collective bargaining agreement(s) between the Company and the Union (including its affiliated locals) and from violating such other collective bargaining agreements as may from time to time be entered by the said parties providing for the timely filing of remittance reports with complete, accurate and proper information and timely payment of contributions to the Pension Fund for so long as the Company is contractually-required to do so.

  (2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

Date: March 12, 2007

            Respectfully submitted,

         BY: /s/Rick S. Miller
            Rick S. Miller (#3418)
            Ferry, Joseph & Pearce, P.A.
            824 Market Street, Suite 904
            P.O. Box 1351
            Wilmington, DE 19899-1351
            (302) 575-1555

OF COUNSEL:
SANFORD G. ROSENTHAL, ESQ.
JESSICA L. TORTELLA, ESQ.
The Penn Mutual Towers, 16th Floor
510 Walnut Street
Philadelphia, PA  19106
(215)351-0611/0669

Attorneys for Plaintiff

(REV. 07/89) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS OF THE REVERSE OF THE FORM.)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Bricklayers Local Union No. 1 Pension Trust, c/o GEM Group | Edward J. Wilkinson Co., Inc., a Delaware corporation. |
| b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  N/A (EXCEPT IN U.S. PLAINTIFF CASES) | |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br><br>Rick S. Miller (#3418)<br>FERRY JOSEPH & PEARCE, P.A.<br>824 Market Street, Suite 904<br>P.O. Box 1351<br>Wilmington, DE 19899-1351<br>(302)575-1555 | ATTORNEYS (IF KNOWN) |

**II. BASIS OF JURISDICTION**  (PLACE AN X IN ONE BOX ONLY)

9 1 U.S. Government     X 3 Federal Question
9 2 U.S. Government Defendant     9 4 Diversity (Indicated Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**

N/A

**IV. CAUSE OF ACTION** (CITE THE U S CIVIL STATUE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE  DO NOT CITE JURISDICTION STATUES UNLESS DIVERSITY)

**29 USC §1002 et seq.; Amounts Due under ERISA and Contract Law**

**V. NATURE OF SUIT**  (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUES |
|---|---|---|---|---|---|
| 9 110 Insurance<br>9 120 Manne<br>9 130 Miller Act<br>9 140 Negotiable Instrument<br>9 150 Recovery of Overpayment<br>    & Enforcement of Judgment<br>9 151 Midicare Act<br>9 152 Recovery of Defaulted Student Loans<br>    (Excl. Veterans)<br>9 160 Stockholders Suits<br>9 190 Other Contract<br>9 195 Contract Product Liability | **PERSONAL INJURY**<br>9 310 Airplane<br>9 315 Airplane Product Liability<br>9 320 Assault, Libel & Slander<br>9 330 Federal Employers' Liability<br>9 340 Manne<br>9 345 Manne Product Liability<br>9 350 Motor Vehicle<br>9 355 Motor Vehicle Product Liability | **PERSONAL INJURY**<br>9 362 Personal Injury-- Med Malpractice<br>9 365 Personal Injury -- Product Liability<br>9 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>9 370 Other Fraud<br>9 371 Truth in Lending<br>9 380 Other Personal Property Damage<br>9 385 Property Damage Property Liability | 9 610 Agriculture<br>9 620 Other Food & Drug<br>9 625 Drug Related Seizure of Property 21 USC 881<br>9 630 Liquor Laws<br>9 640 R.R. & Truck<br>9 650 Airline Regs<br>9 660 Occupational Safety/Health<br>9 690 Other<br><br>**LABOR**<br>9 710 Fair Labor Standards Act<br>9 720 Labor/Mgmt. Relations<br>9 730 Labor/Mgmt. Reporting & Disclosure Act<br>9 740 Railway Labor Act<br>9 790 Other Labor Litigation<br>X 791 Empl. Ret. Inc. Security Act | 9 422 Appeal 28 USC 158<br>9 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>9 820 Copyrights<br>830 Patent<br>9 840 Trademark<br><br>**SOCIAL SECURITY**<br>9 861 HIA (1395ff)<br>9 862 Black Lung (923)<br>9 863 DIWC/DIWW (405(g))<br>9 864 SSID Title XVI<br>9 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>9 870 Taxes (U.S. Plaintiff or Defendant)<br>9 871 IRS -- Third Party 26 USC 7609 | 9 422 State Reappointment<br>9 410 Antitrust<br>9 430 Banks and Banking<br>9 450 Commerce/ICC Rates/etc.<br>9 460 Deportation<br>9 470 Racketeer Influenced and Corrupt Organizations<br>9 810 Selective Service<br>9 850 Securities/Commodities/ Exchange<br>9 875 Customer Challenge 12 USC 3410<br>9 891 Agricultural Acts<br>9 892 Economic Stabilization<br>9 893 Environmental Matters<br>9 894 Energy Allocation Act<br>9 895 Freedom of Information Act<br>9  900 Appeal of Fee Determination Under Equal Access to Justice<br>9 950 Constitutionality of State Statues<br>9 Other Statutory Actions |
| **REAL PROPERTY**<br>9 210 Land Condemnation<br>9 220 Foreclosure<br>9 230 Rent Lease & Equipment<br>9 240 Torts to Land<br>9 245 Tort Product Liability<br>9 290 All Other Real Property | **CIVIL RIGHTS**<br>9 441 Voting<br>9 442 Employment<br>9 443 Housing/ Accommodations<br>9 444 Welfare<br>9 440 Other Civil Rights | **PRISONER PETITIONS**<br>9 510 Motions to Vacate Sentence<br>Habeas Corpus:<br>9 530    General<br>9 535    Death Penalty<br>9 540 Mandamus & Other<br>9 550 Civil Right | | | |

**VI. ORIGIN**  (PLACE AN x IN ONE BOX ONLY)

X 1 Original Proceeding
9 2 Removed from State Court
9 3 Remanded from Appellate Court
9 4 Reinstated or Reopened
9 5 Transferred from another district (specify)
9 6 Multidistrict Litigation
9 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**  CHECK IF THIS IS A CLASS ACTION ___9  UNDER F.R.C.P 23     **DEMAND $ 217,426.10**     Check  YES only if demanded in complaint:   **JURY DEMAND:** 9 YES   **X NO**

**VIII. RELATED CASE(S) IF ANY**   (See instructions)   N/A

DATE    March 12, 2007          SIGNATURE OF ATTORNEY OF RECORD   /s/Rick S. Miller (#3418)

UNITED STATES DISTRICT COURT                                                     COVER.USD

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _07 - 1 4 5_

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____1____ COPIES OF AO FORM 85.

MAR 1 3 2007                    _[signature]_
(Date forms issued)              (Signature of Party or their Representative)

                                 Dan Noonan
                                 (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action