IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRICKLAYERS AND ALLIED CRAFTS UNION LOCAL NO. 1 OF DE/PA WELFARE FUND, c/o GEM GROUP 650 Naamans Road, Suite 303 Claymont, DE 19703 | : : : : : : | CIVIL ACTION<br><br>NO. 07-145 (GMS) |
| and | : : | |
| B.A.C. LOCAL UNION NO. 1 DE/PA PENSION TRUST, c/o GEM GROUP 650 Naamans Road, Suite 303 Claymont, De 19703 | : : : : : | |
| and | : : | |
| BRICKLAYERS AND ALLIED CRAFTS UNION LOCAL NO. 1 OF DE/PA ANNUITY FUND c/o GEM GROUP 650 Naamans Road, Suite 303 Claymont, DE 19703 | : : : : : : : | |
| Plaintiffs | : : : | |
| v. | : : | |
| EDWARD WILKINSON CO., INC. 90 Blue Hen Drive Newark, DE 19713 | : : : : : | |
| Defendant | : : | |

**AMENDED COMPLAINT**

Plaintiffs, by undersigned counsel, complains about Defendant as follows:

**JURISDICTION**

1.    This Court has jurisdiction over the subject matter of this action under 29 U.S.C.

§§185(a), 1132, 1145.

2. A copy of this Amended Complaint has been served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail.

## VENUE

3. Venue lies in the District of Delaware under 29 U.S.C. §§185(a) or 1132(e)(2).

## PARTIES

4. Plaintiffs, Bricklayers And Allied Crafts Union Local No. 1 of DE/PA Welfare Fund ("Welfare Fund") is a trust fund established under 29 U.S.C. §186(c)(5) and "multiemployer plan" and "employee (welfare) benefit plan" within the meaning of 29 U.S.C. §1002(37), (1) and (3). The Welfare Fund maintains a place of business and is administered from an office located at the address in the caption of this Complaint.

5. Plaintiffs, Bricklayers Local Union No. 1 Pension Trust ("Pension Fund"), is a trust fund established under 29 U.S.C. §186(c)(5) and "multiemployer plan" and "employee benefit plan" within the meaning of 29 U.S.C. §1002(37), (1), (2) and (3).

6. Plaintiffs, Bricklayers And Allied Crafts Union Local No. 1 of DE/PA Annuity Fund ("Annuity Fund" and together with Welfare Fund and Pension Fund, "Funds" or "Plaintiffs") is a trust fund established under 29 U.S.C. §186(c)(5) and "multiemployer plan" and "employee (welfare) benefit plan" within the meaning of 29 U.S.C. §1002(37), (1) and (3). The Welfare Fund maintains a place of business and is administered from an office located at the address in the caption of this Complaint.

7. Defendant, Edward Wilkinson Co., Inc. ("Company") is a Delaware corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption.

## COMMON FACTS

8. At all times relevant to this action, the Company was party to, or otherwise bound by, a collective bargaining agreement(s) (singly or jointly, "Labor Contract") with Bricklayers Local Union No. 1 of Delaware ("Union").

9. The Company also signed or agreed to abide by the terms of the Agreement and Declaration of Trust of the Funds, as from time to time amended, made between certain employers and employee representatives in an industry(ies) affecting commerce to promote stable and peaceful labor relations.

10. Under the Labor Contract or Trust Agreements, the Company agreed:

   (a) To make full and timely payments on a monthly basis to the Funds and Union as required by the Labor Contracts;

   (b) To file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contract;

   (c) To produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of its records concerning its obligations to the Funds and Union; and

   (d) To pay liquidated damages and all costs of litigation, including attorneys' fees, expended by the Funds and Union to collect any amounts due as a consequence of the Company's failure to comply with its contractual obligations described in Subparagraphs (a), (b) and (c).

## COUNT I - CONTRIBUTIONS UNDER CONTACT - SUM CERTAIN
### FUNDS

v.

**COMPANY**

11. The allegations of Paragraphs 1 through 10 are incorporated by reference as if fully restated.

12. Based upon information presently available to the Funds and Union, the Company owes the Funds at least the sum of $217,426.10 due under the Labor Contract or Trust Agreements for the period January 2006 through the present.

13. The Company has not paid the Funds as required by the Labor Contract or Trust Agreements.

**WHEREFORE,** the Plaintiffs ask that the Court:

(1) Enter judgment against the Company in favor of the Funds for at least $217,426.10 plus all additional amounts found to be due and owing during the pendency of this litigation together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract or Trust Agreements.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - CONTRIBUTIONS UNDER ERISA - SUM CERTAIN

**FUNDS**

<strong>v.</strong>

<strong>COMPANY</strong>

14. The allegations of Paragraphs 1 through 13 are incorporated by reference as if fully restated.

15. Based upon information presently available to the Funds and Union, the Company has failed to pay contributions to the Funds in at least the amount of $217,426.10 for the period January 2006 through the present in violation of 29 U.S.C. §1145.

16. The Funds have been damaged by the Company's violation of 29 U.S.C. §1145.

**WHEREFORE,** Plaintiffs ask that the Court:

(1) Enter judgment against the Company in favor of the Funds for at least $217,426.10 plus any additional amounts which are found to be due and owing during the pendency of this litigation, together with interest at the rate prescribed by 26 U.S.C. §6621, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the Funds or statute and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT III - AUDIT

## FUNDS

## v.

## COMPANY

17. The allegations of Paragraphs 1 through 16 are incorporated by reference as if fully restated.

18. The Company is obligated to permit the Funds to audit its records and to cooperate in determining the contributions due the Funds.

19. The amount of contributions and work dues the Company is required to pay to the Funds is based upon hours worked and wages paid to employees performing work covered by the Labor Contract.

20. The Funds are without sufficient information or knowledge to plead the precise nature, extent and amount of the Company's delinquency since the books, records and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of the Company.

21. Computation of the precise amount of an employer's delinquency is normally achieved by an audit of the employer's books and records and/or calculated from contractually-required remittance reports submitted by the employer.

22. No audit of the Company's books and records has been performed.

23. The Company is required by the Labor Contract, Trust Agreements or applicable law to permit the Funds to audit the Company's records and to cooperate in determining the contributions due the Funds.

24. The Funds have no adequate remedy at law for the calculation of any damages

suffered as a result of the breach itself requires an audit.

25. All conditions precedent to equitable relief have been satisfied.

**WHEREFORE,** Plaintiffs ask that the Court:

(1) Enjoin the Company, its officers, agents, servants, employees, attorneys and all others in active concert or participation with them to permit an audit of all records under the actual or constructive control of the Company and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT IV - CONTRIBUTIONS UNDER CONTRACT AFTER AUDIT

### FUNDS

### v.

### COMPANY

26. The allegations of Paragraphs 1 through 25 are incorporated by reference as if fully restated.

27. On information and belief, the Company has failed to make contributions to the Funds as required by the Labor Contract or Trust Agreements in a period not barred by any applicable statute of limitations or similar bar.

28. On information and belief, the Funds and Union have been damaged by the Company's failure to make contributions as required by the Labor Contract or Trust Agreement.

**WHEREFORE,** Plaintiffs ask that the Court:

(1) After an audit, enter judgment against the Company in favor of the Funds for the amount of contributions found due and owing by an audit together with liquidated damages,

interest and costs, including reasonable attorneys' fees incurred in this action or the collection and enforcement of any judgment, as provided in the Labor Contract or Trust Agreements.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT V - CONTRIBUTIONS UNDER ERISA AFTER AUDIT

### FUNDS

### v.

### COMPANY

29. The allegations of paragraph 1 through 26 are incorporated by reference as if fully restated.

30. On information and belief, the Company has failed to make contributions to the Funds in violation of 29 U.S.C. §1145 in a period not barred by an applicable statute of limitations or similar bar.

31. The Funds are without sufficient information or knowledge to plead the precise nature, extent and amount of the Company's delinquency since the books, records and information necessary to determine this liability are in the Company's possession, custody, control or knowledge.

32. On information and belief, the Funds have been damaged by the Company's violation of 29 U.S.C. §1145.

**WHEREFORE,** Plaintiffs ask that the Court:

(1) After an audit, enter judgment against the Company in favor of the Funds for the contributions found due and owing by the audit, together with interest at the rate prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated

damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document or statute and reasonable attorneys' fees and costs incurred in this action and in connection with any proceeding to enforce or collect any judgment.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT VI – INJUNCTION

### FUNDS

### v.

### COMPANY

33. The allegations of paragraphs 1 through 32 are incorporated by reference as if fully restated.

34. A money judgment or other remedy available at law is inadequate because the Company has shown its disregard of its contractual and legal obligations by a consistent pattern of delinquencies or late payment of contributions.

35. Unless ordered to do otherwise by this Court, Company will continue to refuse to submit remittance reports and/or pay the contributions presently due and owing or which become due and owing in the future, and the Funds and their participants will suffer immediate, continuing and irreparable damage by, among other matters, the loss of investment earnings, the inability to properly determine eligibility and calculate benefits, and a substantial increase in the administrative costs of the Funds with a diminution of the assets otherwise available to pay benefits to Company's employees and employees of other employers who fully and timely pay their contributory obligations.

36. All other conditions precedent to equitable relief have been satisfied.

WHEREFORE, Plaintiffs ask that the Court:

(1) Permanently restrain and enjoin the Company, its officers, agents, servants, employees, attorneys and all others in active concert or participation with them from continuing to violate the terms of the current collective bargaining agreement(s) between the Company and the Union (including its affiliated locals) and from violating such other collective bargaining agreements as may from time to time be entered by the said parties providing for the timely filing of remittance reports with complete, accurate and proper information and timely payment of contributions to the Funds for so long as the Company is contractually-required to do so.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

                   Respectfully submitted,

                   FERRY, JOSEPH & PEARCE, P.A.

              BY: /s/Rick S. Miller
                  Rick S. Miller (#3418)
                  824 Market Street, Suite 904
                  P.O. Box 1351
                  Wilmington, DE 19899-1351
                  (302) 575-1555

Date: April 5, 2007

OF COUNSEL
SANFORD G. ROSENTHAL, ESQ.
JESSICA L. TORTELLA, ESQ.
The Penn Mutual Towers, 16th Floor
510 Walnut Street
Philadelphia, PA  19106
(215)351-0611/0669

Attorneys for Plaintiffs