**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE (WILMINGTON)**

| | |
|---|---|
| BRICKLAYERS AND ALLIED CRAFTS UNION LOCAL NO. 1 OF DE/PA WELFARE FUND, et al. | : : : |
| | : Civil Action No. 07- 145 (GMS) |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| EDWARD WILKINSON CO., INC. | : |
| | : |
| Defendant. | : |

**MOTION FOR JUDGMENT BY DEFAULT BY THE COURT PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 55(b) AGAINST DEFENDANT,**
**EDWARD WILKINSON CO., INC.**

Plaintiffs, the Bricklayers And Allied Crafts Union Local No. 1 of DE/PA Welfare Fund

("Welfare Fund"), the Bricklayers Local Union No. 1 Pension Trust ("Pension Fund") and the

Bricklayers And Allied Crafts Union Local No. 1 of DE/PA Annuity Fund ("Annuity Fund" and

together with Welfare Fund and Pension Fund, "Funds" or "Plaintiffs"), by their legal counsel,

respectfully move this Court, pursuant to Fed. R. Civ. P. 55(b)(2), to enter default judgment in favor

of the Plaintiffs and against Defendant, Edward Wilkinson Co., Inc. ("Company" or "Defendant") for

$288,530.88 in delinquent contributions for the periods of January 2006 through December 2006,

February through July 2007 and the month of September 2007, $33,716.03 in liquidated damages,

$20,072.88 in interest through October 31, 2007 and attorneys' fees and costs of $7,707.85 through

October 31, 2007, for such amounts as may be determined to be due and owing to Plaintiffs by the

Company after submission of all outstanding remittance reports and an audit of the Company's

payroll books and records, and for an order prohibiting the Company from not filing future

188003-1

remittance reports and paying future contributions to the Plaintiffs as mandated by the Company's collective bargaining agreement and applicable law.

In support of this Motion, Plaintiffs rely upon the allegations in its Amended Complaint, the Declaration of David Puchalski,[1] the Declaration of Rick S. Miller, Esquire,[2] and the exhibits attached to this Motion.

The grounds for this Motion are as follows:

1.     Prior to the commencement of this action, the Funds attempted to resolve this delinquency in an amicable manner.

2.     On March 14, 2007, a Complaint was filed in this matter. On April 4, 2007 an Amended Complaint was filed. The Amended Complaint was served on Defendant on April 4, 2007, as appears from the Return of Service which has been duly docketed with the Court.

3.     No Answer to the Complaint was filed and on May 1, 2007, Plaintiff filed a Request to Clerk to Enter a Default pursuant to Fed. R. Civ. P. 55(a) and served a copy on the Defendant. Default was entered on June 7, 2007.

**WHEREFORE**, Plaintiff seeks the following relief:

(a)     Judgment entered as set out in the proposed Order and Judgment attached to this Motion; and

---

[1]     The Declaration of David Puchalski ("Puchalski Declaration") is attached to this Motion as Exhibit 1. The document referred to in the Puchalski Declaration is attached to this Motion as Exhibit 2.

[2]     The Declaration of Rick S. Miller ("Miller Declaration") is attached to this Motion as Exhibit 3. The documents referred to in the Miller Declaration is attached to this Motion as Exhibits 4-7.

(b)     Such other and further relief as the Court deems just, necessary and appropriate.

Respectfully submitted,

FERRY & JOSEPH, P.A.

BY:     _____

RICK S. MILLER, ESQUIRE
BAR IDENTIFICATION NO. 3418
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, Delaware 19899
(302) 575-1555
Attorney for Plaintiffs

Dated: 10/27/07

OF COUNSEL:
Shanna M. Cramer, Esquire
Jennifer L. Hope, Esquire
JENNINGS SIGMOND P.C.
The Penn Mutual Towers, 16th Floor
510 Walnut Street
Philadelphia, PA  19106
(215) 351-0657/0617

188003-1                                                  3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE (WILMINGTON)**

| | | |
|---|---|---|
| BRICKLAYERS AND ALLIED CRAFTS UNION LOCAL NO. 1 OF DE/PA WELFARE FUND, et al. | : : : | |
| | : | Civil Action No. 07- 145 (GMS) |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| EDWARD WILKINSON CO., INC. | : | |
| | : | |
| Defendant. | : | |

**ORDER AND JUDGMENT BY DEFAULT AGAINST DEFENDANT,
<u>EDWARD WILKINSON CO., INC.</u>**

Upon consideration of the Amended Complaint and Motion for Entry of Judgment by Default of the Plaintiffs, the Bricklayers And Allied Crafts Union Local No. 1 of DE/PA Welfare Fund ("Welfare Fund"), the Bricklayers Local Union No. 1 Pension Trust ("Pension Fund") and the Bricklayers And Allied Crafts Union Local No. 1 of DE/PA Annuity Fund ("Annuity Fund" and together with Welfare Fund and Pension Fund, "Funds" or "Plaintiffs"), it appears to the Court that Defendant, Edward Wilkinson Co., Inc. ("Company" or "Defendant") was served with process on April 4, 2007 and has inexcusably, knowingly and willfully failed to appear, plead or otherwise defend, and the default against said Defendant having been entered, it is:

ORDERED, that Plaintiffs' Motion shall be and hereby is granted; and it is further

ORDERED, that pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and ERISA, as amended, 29 U.S.C. § 1132(g)(2), final judgment shall be and hereby is entered for Plaintiffs and against Defendant, in the amount of $288,530.88 which includes the following:

1.    Contributions in the amount of $227,034.12 for the periods of January 2006 through

188003-1

December 2006, February through July 2007 and the month of September 2007.

2.      Interest on the unpaid contributions and contributions paid past the due date through October 31, 2007 in the amount of $20,072.88;

3.      Liquidated damages in the amount of $33,716.03; and

4.      Attorneys' fees and costs in the amount of $7,707.85 through October 31, 2007.

ORDERED that Company shall, within fifteen (15) days from the entry of this Order, submit to the Administrator of the Funds any and all overdue remittance reports addressed to: David Puchalski, GEM Group, Brandywine Corporate Center, 650 Naamans Road, Suite 303, Claymont, DE 19703. Company, its owners, officers, agents, servant, attorneys, and all persons acting on their behalf or in conjunction with them shall be and hereby are restrained and enjoined from refusing to file complete, proper and timely remittance reports with accompanying benefit contributions for all periods for which Company is obligated to do so under the collective bargaining agreement(s).

ORDERED that the Funds shall have the right to conduct an audit of books and records for all relevant periods (i.e., the period of time in which Company is obligated to make fringe benefit contributions to the Funds). Within fifteen (15) days from the date of this Order shall submit to an audit by contacting David Puchalski, GEM Group, Brandywine Corporate Center, 650 Naamans Road, Suite 303, Claymont, DE 19703, to make arrangements for the audit. Company, its owners, officers, agents, servants, employees and all persons acting on Company's behalf or in conjunction with Company, shall be and are hereby restrained and enjoined from failing and refusing to submit to this audit and any future audits and shall produce all books and records requested by the auditor and/or the Trustees of the Funds, including, but not limited to, payroll, wage, general ledger and cash

disbursement records, compensation insurance audits, and any other pertinent records deemed necessary for the purpose of ascertaining and/or verifying payments and/or liabilities to the Funds. Company shall pay to the Funds the cost of the audit together with any additional amounts found owing, plus such other amounts as set forth in the collective bargaining agreement, the trust agreements, ERISA and applicable law.

ORDERED that if further action by Plaintiff to enforce this judgment is required, Plaintiff may apply to this Court or to the Court in which enforcement is sought for further reasonable attorneys' fees and costs in addition to those set out in ¶ 4 above. See, Trucking Employees of North Jersey Welfare Fund, Inc. v. Bellezza Co., 57 Fed. Appx. 972 (3d Cir. 2003); Free v. Briody, 793 F.2d 807 (7th Cir. 1986); Sheet Metal Workers Health and Welfare Trust Fund v. Big D Service Co., 867 F.2d 852 (10th Cir. 1989).

ORDERED that if the unpaid contributions set out in ¶ 1 above are not paid in full by October 31, 2007, Plaintiff may apply to this Court or to the Court in which enforcement is sought for interest on the unpaid contributions which shall accrue under 29 U.S.C. § 1132(g)(2)(C)(i) and 26 U.S.C. § 6621 from October 31, 2007 until the date they are paid.

ORDERED that if Company fails to comply with any of the terms of this Order, Plaintiffs may, in addition to pursuing the remedies provided under Federal Rule of Civil Procedure 69, reopen this case upon motion to this Court and notice to Company, and may at that time ask for further appropriate monetary and/or injunctive relief.

DATE: _____       BY: _____

**J. Gregory M. Sleet**
**United States District Court**

188003-1                                    3

## CERTIFICATE OF SERVICE

I, Rick S. Miller, Esquire, state under penalty of perjury that I caused a copy of the foregoing Motion for Judgment by Default to be served via first class mail, postage prepaid on the date and to the address below:

Edward J. Wilkinson, Co., Inc.
90 Blue Hen Drive
Newark, DE 19713

and

United States Corporation Company
2711 Centerville Road
Suite 400
Wilmington, DE 19808

Date: October 29, 2007    /s/ Rick S. Miller
                          RICK S. MILLER, ESQUIRE
                          (#3418)

THIS DOCUMENT HAS BEEN ELECTRONICALLY FILED AND IS AVAILABLE FOR VIEWEING AND DOWNLOADING FROM THE ECF SYSTEM