IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRICKLAYERS AND ALLIED CRAFTS UNION LOCAL NO. 1 OF DE/PA WELFARE FUND, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> EDWARD WILKINSON CO., INC. <br><br> Defendant. | ) ) ) ) ) ) ) ) C.A. No. 07-145 GMS ) ) ) ) ) ) |

## MEMORANDUM

**I.   INTRODUCTION**

Presently before the court is plaintiffs'[1] Motion for Entry of Judgment by Default against defendant, Edward Wilkinson Co., Inc. (D.I. 9.) In their motion, plaintiffs seek monetary relief in the form of unpaid contributions, interest, liquidated damages, and attorneys' fees and costs resulting from the defendant's breach of a collective bargaining agreement and ERISA violations. (*Id.* at 1-2.) Plaintiffs further seek equitable relief in the form of an order: (a) compelling the defendant to produce certain overdue remittance reports; (b) requiring the defendant to submit to an audit of its books and records; and (c) authorizing the plaintiffs to apply for additional, unspecified damages that may result from future breaches of the collective bargaining agreement or ERISA violations by the defendant. (*Id.* at 5-6; D.I. 15 at 2-3.)

---

[1] The plaintiffs in this action are the following funds: (a) the Bricklayers And Allied Crafts Union Local No. 1 of DE/PA Welfare Fund (the "Welfare Fund"); (b) the Bricklayers Local Union No. 1 Pension Trust (the "Pension Fund"); and (c) the Bricklayers And Allied Crafts Union Local No. 1 of DE/PA Annuity Fund (the "Annuity Fund") (collectively, the "plaintiffs").

For the reasons that follow, the court will grant in part and deny in part plaintiffs' motion. Specifically, the court grants plaintiffs' requests for: (a) unpaid fund contributions for the periods of January 2006 through December 2006, and February through July 2007 in the amount of $195,713.66; (b) interest on those unpaid contributions, and contributions paid past the due date through April 15, 2008, in the amount of $42,025.59; (c) liquidated damages in the amount of $27,509; and (d) attorneys' fees and costs through April 15, 2008 in the amount of $10,016.33. The court further orders the defendant to produce the overdue remittance reports. The court, however, will deny without prejudice plantiffs' requests for: pay stub shortages, an order compelling the defendant to submit to an audit, and for those unspecified damages and/or equitable relief that may result from the defendant's future conduct.

## II. BACKGROUND

On March 13, 2007, the plaintiffs brought this action against the defendant for breach of contract and for violation of Section 515 of ERISA, 29 U.S.C. § 1145.[2] (D.I. 1.) Plaintiffs filed an amended complaint in this action on April 5, 2007. (D.I. 3.) The defendant did not file an answer or responsive pleading in response to either the original complaint or the amended complaint in this action. *See* Fed. R. Civ. P. 12(a). On May 1, 2007, the plaintiffs filed a request with the Clerk of the Court to enter a default against the defendant pursuant to Fed. R. Civ. P. 55(a). (D.I. 5.) On June 7, 2007, the court ordered the clerk to enter a default against the

---

[2] In relevant part, Section 515 of ERISA provides that: "Every Employer who is obligated to make contributions to a multiemployer plan . . . under the terms of a collectively-bargained agreement . . . shall make such contributions in accordance with such agreement." 29 U.S.C. § 1145.

defendant. (D.I. 8.) Plaintiffs then filed this motion for default judgment on October 29, 2007. (D.I. 9.) On April 15, 2008, the court held an evidentiary hearing on plaintiffs' motion.[3]

In their amended complaint, the plaintiffs allege the following facts.[4] The plaintiffs are all employee trust funds for the Bricklayers Local Union No. 1 of Delaware (the "Union"). (D.I. 3 ¶¶ 4-6.) The defendant is an employer and party to a collective bargaining agreement (the "Agreement") with the Union. (D.I. 3 ¶¶ 7-8.) Under the Agreement and Section 515 of ERISA, 29 U.S.C. § 1145, the defendant is required to, among other things, make certain contributions to the plaintiffs for time worked by or paid to Union employees who perform work covered by the terms and conditions of the Agreement. (D.I. 3 ¶ 10.) The Agreement also requires that these contributions be received by the plaintiffs (from the defendant) by no later than the fifteenth day of the month following the month in which the work was performed. (*Id.*) The defendant's failure to make these contributions in a timely manner, or to submit late remittance reports, results in the plaintiffs being unable to meet their ERISA obligations, and constitutes breach of the Agreement, and violation of federal law. (D.I. 10 at 2.)

Plaintiffs contend that the defendant breached the Agreement and violated Section 515 of ERISA. Plaintiffs further contend that they are entitled to an award of damages in the form of: (a) unpaid contributions; (b) interest on the unpaid contributions and contributions paid past the due date; (c) liquidated damages; (d) pay stub shortages; and (e) attorneys' fees and costs. (D.I.

---

[3] At that April 15, 2008 hearing, the court requested that the plaintiffs provide additional submissions on the issue of damages and the other forms of relief that the plaintiffs were seeking. Those additional submissions were subsequently filed on April 17, 2008. (D.I. 15.)

[4] For purposes of this motion, the court adopts and incorporates herein by reference the factual background of this case, as set forth in the Amended Complaint. (D.I. 3.)

15.) Among other requests for equitable relief, plaintiffs further contend that the defendant should be compelled to produce "any and all overdue remittance reports," and to submit to an "audit of books and records for all relevant periods (*i.e.*, the period of time in which the [defendant] is obligated to make [contributions] to the [plaintiffs])." (*Id.*)

## III. DISCUSSION

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend the action and that fact is made apparent by affidavit or otherwise, the clerk of the court shall enter the party's default. *See* Fed. R. Civ. P. 55(a). "A consequence of the entry of a default [] is that the factual allegations of the complaint, except those relating to the amount of the damages, will be taken as true." *Henry v. Fesmare*, No. 03-827-GMS, 2005 WL 22243243, at *1 (D. Del. Sept. 15, 2005) (quoting *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)). Therefore, the court is required to calculate the appropriate amount of damages and cannot simply accept the plaintiff's representations on that matter as factually correct. *See Compendia Songs v. On Top Communications, L.L.C.*, No. 04-252-GMS, 2004 WL 2898070, at *2 (D. Del. Nov. 15, 2004).

When an employer fails to make contributions pursuant to Section 515 of ERISA, 29 U.S.C. § 1145, as required under Section 502(b)(2) of ERISA, that employer is subject to a judgment for:

      (a)    the unpaid contributions,

      (b)    interest on the unpaid contributions,

      (c)    an amount equal to the greater of:

            (i)    interest on the unpaid contributions, or

>> (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the Court under Subparagraph (a),
>
> (d)    reasonable attorneys' fees and costs of the action, to be paid by the defendant, and
>
> (e)    such other legal or equitable relief as the court deems appropriate.

See Section 502(b)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

After considering the applicable law, the plaintiffs' submissions, and the evidence presented, the court concludes that the following relief is warranted.

### A.    Unpaid Contributions, Interest, and Liquidated Damages

The court finds that the plaintiffs are entitled to damages for unpaid contributions in the amount of $195,713.66. This amount represents the sum of the defendants' unpaid contributions under the Agreement for the periods of January 2006 through December 2006, and February through July 2007. As the plaintiffs correctly note, under the Agreement, they are also entitled to interest on all unpaid contributions at a rate of twelve percent per annum. (*See* Agreement at 4.) After reviewing the documentation submitted by the plaintiffs, the court concludes that they are entitled to $42,025.59 in interest on the unpaid contributions and contributions paid past the due date through April 15, 2008. The court further concludes that the plaintifs are entitled to liquidated damages in the amount of $27,509.[5] The court will, however, deny without prejudice

---

[5] After reviewing documents in evidence (D.I. 10, 15) it appears to the court that the plaintiffs have received payment for at least some of the liquidated damages that they allege are still owed. Specifically, the court notes the payments associated with invoice numbers 154624, 154625, 167667, and 172362 on defendant's *Statement of Employer Status*. (*See* D.I. 10, Ex. 2.) By the

plaintiffs' request for damages for "pay stub shortages." The plaintiffs have not demonstrated to the court's satisfaction how this amount was calculated, or otherwise provided sufficient documentation in this regard. Thus, an award for pay stub shortages is not appropriate at this time.

### B. Attorneys' Fees and Costs

A prevailing party is entitled to reasonable attorneys' fees and costs associated with an action arising out of a defendant failing to pay required contributions. *See* 29 U.S.C. § 1132(g)(2)(D); *see also United Auto. Workers Local 259 Social Sec. Dept. v. Metro Auto Center*, 501 F.3d 283, 285 (3d Cir. 2007). Here, having obtained a default, the plaintiffs are, indeed, the prevailing party in this action. As a result, the court finds that they are entitled to an award of reasonable attorneys' fees. The plaintiffs submitted affidavits in support of their request for fees and costs associated with this action. Having reviewed these affidavits, the court finds the requested amount to be reasonable. Accordingly, the court awards the plaintiffs attorneys' fees and costs in the amount of $10,016.33.[6]

### C. Equitable Relief

In addition to legal damages, the ERISA statute expressly permits the court to award "such other . . . *equitable* relief" as the court deems appropriate. 29 U.S.C. § 1132(g)(2)(e)

---

court's calculation, the result of those payments reduces the amount of liquidated damages by $5015.67 to $27,509.

[6] The plaintiffs allege that they are entitled to $10,866.33 for attorney's fees and costs incurred in this case. It is, however, not clear to the court from reviewing the "Previous Balance/Previous Payments" line items whether $850.00 in attorney's fees and costs is actually due and owing. (*See* D.I. 10, Ex. 5.) Consequently, the court has reduced the plaintiffs' request by this amount to $10,016.33.

(emphasis added). Here, the plaintiffs request the following forms of equitable relief: (1) an order compelling the defendant to produce overdue remittance reports; (2) an order requiring the defendant to submit to an audit of its books and records; and (3) an order authorizing the plaintiffs to apply for additional, unspecified damages that may result from future breaches of the collective bargaining agreement or ERISA violations by the defendant. The court will address each of these requests for equitable relief in turn.

### 1.     *Overdue Remittance Reports*

The court will order the defendant to produce the overdue remittance reports requested by the plaintiffs. The court is persuaded that compelling the defendant to produce the overdue remittance reports in this case is appropriate for several reasons. First, the remittance reports are, indeed, necessary to accurately determine an employee's eligibility for benefits under the plaintiffs' plans. Second, the court agrees that the plaintiffs' review of these overdue remittance reports likely represents the best way for them to assess whether and to what extent the defendant's fund contributions are due and owing. Third, the Agreement expressly requires the defendant to submit these remittance reports. This request is clearly reasonable under the circumstances. Accordingly, the defendant shall produce any and all overdue remittance reports within fifteen days of the entry of this Memorandum and Order.

### 2.     *Audit of Defendant's Books and Records*

The court is not, however, persuaded that requiring the defendant to submit to an audit of its books and records is appropriate at this time. First, the plaintiffs have failed to cite or identify anywhere in the Agreement, that an audit is contemplated in the event of a breach. Such a provision just does not exist, and requiring as much now does not seem to be in line with what

the parties' originally bargained for in this case. Second, as it stands, it is not clear how any such audit would be conducted, *i.e.*, who would pay for the audit, what would the scope of the audit be, how would compliance be determined, *etc.* Absent more detail, the court is not comfortable granting such an open-ended request under these circumstances. The court will, therefore, deny without prejudice plaintiffs' request for an order compelling the defendant to submit to an audit.

### 3.   *Other Equitable Relief*

The court reads the plaintiffs' remaining requests as essentially seeking authorization for the plaintiffs to apply for future, unspecified damages that may result from future breaches of the collective bargaining agreement or ERISA violations by the defendant. (*See, e.g.*, D.I. 15 at 2-3.) The court is not inclined to grant this type of prospective relief. First, it is not clear that these circumstances present a matter sufficiently ripe for the court to exercise jurisdiction over the defendant's future conduct. *See, e.g., Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 561 (3d Cir. 2001) (stating that a claim is not ripe if the adjudication "rests upon contingent future events that may not occur as anticipated or indeed may not occur at all"). Second, this type of prospective relief may not even be necessary. Furthermore, the court retains the power to enforce compliance with its orders. *See N.W. Controls, Inc. v. Outboard Marine Corp.*, 349 F. Supp. 1254, 1256 (D. Del. 1972). Thus, the plaintiffs' request for unspecified damages and/or equitable relief that may result from the defendant's future conduct is denied, without prejudice.

## IV.   CONCLUSION

For the foregoing reasons, the court grants in part and denies in part the plaintiffs' Motion for Entry of Judgment by Default (D.I. 9).

Dated: November 19, 2008

_____
CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BRICKLAYERS AND ALLIED CRAFTS )
UNION LOCAL NO. 1 OF DE/PA )
WELFARE FUND, *et al.* )
)
Plaintiffs, )
) C.A. No. 07-145 GMS
v. )
)
EDWARD WILKINSON CO., INC. )
)
Defendant. )

### ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED THAT:

1. The plaintiffs' Motion for Entry of Judgment by Default (D.I. 9) is GRANTED IN PART and DENIED IN PART.

Dated: November 19, 2008

_____
CHIEF, UNITED STATES DISTRICT JUDGE